# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:12CV070-MOC-DSC

| | |
|---|---|
| RODERICK FORD,<br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br>    Defendant. | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss for Failure to Prosecute [including argument and citation to authorities]" (document #15), filed on August 6, 2012. Plaintiff has not filed a response and the period for filing a response brief has expired.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this Motion is now ripe for disposition.

On February 6, 2012, Plaintiff filed his pro se Complaint, appealing the Commissioner's decision to deny his application for Disability Insurance ("DI") benefits and Supplemental Security Income ("SSI").

On April 23, 2012, Defendant filed an Answer and the Administrative Transcript.

On April 23, 2012, the Court entered a Scheduling Order setting a deadline of June 22, 2012 for Plaintiff to file his Motion for Summary Judgment and Memorandum in Support. See Document #12.

On June 11, 2012, Plaintiff sent a letter to the Clerk's office stating that he could not file his Motion and Memorandum because he was "in transit" within the Bureau of Prisons and did not "have access to any legal material that can assist me in filing this motion." Document #13.

Plaintiff stated that he believed he would be at his destination facility within thirty to forty-five days.

In response to Plaintiff's letter, the Court extended the time to file his Motion for Summary Judgment and Memorandum in Support to July 22, 2012. "Order" (document #14).

Plaintiff has not filed a Motion for Summary Judgment, nor requested any further extension of time. He has also failed to respond to the pending Motion to Dismiss.

Under these circumstances, where Plaintiff has failed to prosecute his Social Security appeal or to respond to the instant Motion, dismissal is a necessary and appropriate remedy for the efficient administration of justice. Accord Link v. Wabash Railroad Co., 370 U.S. 626, 63032 (1962) (district court may dismiss action for failure to prosecute sua sponte or on motion of opposing party in order to "achieve the orderly and expeditious disposition of cases"); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (holding that courts have the authority to order dismissal of an action for failure to comply with court orders).

## RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Motion to Dismiss for Failure to Prosecute" (document #15) be **GRANTED** and that the Commissioner's determination be **AFFIRMED.**

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);

Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: August 27, 2012

David S. Cayer
United States Magistrate Judge